Vasu Vijayraghavan
SBN #310372
1968 S. Coast Highway  #169
Laguna Beach  CA  92651
619-517-4563
vvijay081@gmail.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA-EASTERN  DIVISION

| | |
|---|---|
| ANNA MARIA PENA, | **No:** |
| Plaintiff | **COMPLAINT FOR VIOLATIONS** |
| VS | 1) **CALIFORNIA CIVIL CODE §43** |
| | 2) **CALIFORNIA UNRUH CIVIL RIGHTS ACT** |
| STIR FOODS, LLC; VAN LAW FOOD PRODUCTS, INC. AND DOES 1 THROUGH 100. | 3) **ARTICLE 1, SECTION 1 OF THE CALIFORNIA CONSTITUTION** |
| Defendants | 4) **CALIFORNIA FAIR HOUSING AND EMPLOYMENT ACT** |
| | 5) **ATTEMPTED BATTERY** |
| | 6) **ATTEMPTED ASSAULT** |
| | 7) **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** |
| | 8) **42 USC 1983 (SUBSTANTIVE DUE PROCESS)** |
| | 9) **EQUAL PROTECTION UNDER CALIFORNIA CONSTITUTION ARTICLE I SECTION 7** |
| | 10) **EQUAL PROTECTION CLAUSE (FOURTEENTH AMENDMENT OF THE US CONSTITUTION)** |
| | 11) **FIRST AMENDMENT OF THE US CONSTITUTION (ESTABLISHMENT CLAUSE)** |
| | 12) **21 USC § 360 ET SEQ.** |
| | 13) **VIOLATION OF RIGHT OF INFORMED CONSENT (COMMON LAW); NUREMBERG CODE** |
| | 14) **BREACH OF FIDUCIARY DUTY OF EMPLOYERS TO EMPLOYEES** |
| | 15) **VIOLATION OF 13TH AMENDMENT** |
| | 16) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| | 17) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| | 18) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 19) **GROSS NEGLIGENCE** |

20) **VIOLATION OF 21 CFR §50 et seq.**
21) **BREACH OF THE COVENANT OF GOOD**
    **FAITH AND FAIR DEALING**
22) **VIOLATION OF CALIFORNIA LABOR CODE**
    **1102.5 et seq.**
23) **VIOLATION OF CALIFORNIA**
    **GOVERNMENT CODE 12940 et seq.**
24) **WRONGFUL TERMINATION**

**JURY TRIAL DEMANDED**

COMES  NOW  PLAINTIFF ANNA MARIA PENA BY AND THROUGH HER ATTORNEY AND STATES THE FOLLOWING

### I.        <u>PRELIMINARY STATEMENT</u>

1. Plaintiff  ANNA MARIA PENA was terminated from her position as an accounting coordinator from Stir Foods, LLC, a subsidiary of Defendant Van Law Food Products, Inc.

2. Plaintiff was wrongfully and illegally terminated from Defendant Stir Foods, LLC on April 23,2020, due to Plaintiff's refusal to wear a mask.

3. Plaintiff brings the present wrongful termination lawsuit against Defendants because her rights were violated illegally, based on the above-mentioned violations.

### II.        <u>PARTIES</u>

4. Plaintiff Ana Maria Pena  is a natural person residing in Orange County.

5. At all times relevant to this complaint, Defendant Stir Foods, LLC is a resident of Orange County.

6. At all times relevant to this complaint, Defendant Van Law Foods, Inc, is a resident of Orange County.

### III.   <u>JURISDICTION AND VENUE</u>

7.  Subject-matter is appropriate for Second District of California due to the causes of action under Federal law and the US Constitution (28 USC §1331).

8.  Venue is appropriate for the Southern Division of the Second Federal District of California since the transactions occurred in Orange County, California (28 USC §1391).

### IV.   <u>FACTUAL ALLEGATIONS</u>

**9.**  Plaintiff incorporates by reference herein allegations 1 through 8.

**10.** At all times relevant to this complaint, Plaintiff was hired as an accounting coordinator.

**11.** Before the facts which originated this complaint, Plaintiff had exemplary job reviews. (Exhibit 1 attached shows the performance review of 2019, Exhibit 2 shows a salary review from 2017).

**12.** On March 12,2020, California went into lockdown due to an alleged Covid pandemic.

**13.** On April 1, 2020, guidance was issued by the California Department of Public Health as well as the Orange County Health Office for businesses that were deemed "essential" such as Defendant. (Exhibit 3 shows these "guidances").

**14.** ON April 9, Defendant Stir Foods purchased cloth masks for the alleged benefit of all of its employees.

**15.** On April 13, Plaintiff was ordered to come and get her cloth mask.

**16.** Plaintiff refused to wear cloth masks despite the "guidance" due to her sincerely held religious beliefs as well as the fact that there was **no scientific basis that masks reduced transmission in any way, shape or form.**

**17. The evidence since that time has only increased about the inefficacy of masks in preventing transmission while harming the wearer. (Brownstone. Org has extensive designation of such research).**

**18.** Emails were sent to Plaintiff regarding the masks while Plaintiff sent a text making explicit

the reasons why she, as an accounting coordinator refused to wear masks (Exhibit 4 attached).

**19.** On April 13, while Plaintiff attempted to enter the premises, she found the doors were locked. An HR representative opened the door and saw that Plaintiff was without a mask.

**20.** There were further attempts to force Plaintiff to wear a mask and harassment to Plaintiff regarding the mask issue.

**21.** On the days that followed, the HR representative approached Plaintiff to supervise her on the masks. On Thursday, the CFO came in to, yet again, harass Plaintiff on the mask issue.The CFO told Plaintiff that she was going to get him in trouble.

**22.** On April 23, 2020, Plaintiff received a letter of termination (Exhibit 5 attached).

**23.** Plaintiff received no warning of termination, with only mention of "Insubordination" and "Violation of safety rules", without any further explanation or justification. More recently, the mask mandate has been cancelled in California for all workplace situations, without any necessary diminution of Covid-19 cases, showing that the imposition of the mask mandate, was, as Governor DeSantis has stated, "just theater".

**24.** Plaintiff thereafter received no unemployment, based on her monthly net earnings of $1143.

**25.** Plaintiff has endured considerable hardship since that time, emotional and financial stress. Aside from the mask issue, during which time Plaintiff just stood firm on her religious freedom as well as rights to bodily integrity, Plaintiff was an exemplary employee.

**26.** Given her age, Plaintiff could expect at least 40 years of lifetime income-even without any inflation increase, the present value of her earnings would have been $134,656, at a minimum.

**V.**     <u>**CAUSES OF ACTION**</u>

**COUNT 1**

**VIOLATION OF CALIFORNIA CIVIL CODE §43**

**(AS TO ALL DEFENDANTS)**

27. Plaintiff incorporates herein allegations 1 through 26.

28. Under the California Civil Code cited above, it is stated that "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

29. Plaintiff alleges that she was forced to wear a mask, a violation of her bodily integrity, the pre-condition for her staying at her job.

30. Exhibit 6, attached, is a study showing that masks have NO impact on the transmission of the disease and only harm the wearer by forcing them to inhale their own carbon dioxide.

31. A mask is, furthermore, a mark of humiliation and obedience.

32. Plaintiff alleges that by attempting to mask her,  then mask on her, Defendant violated California Civil Code §43, since Plaintiff was forced to wear a mask, which had no purpose other than to humiliate her with no benefit to Defendants or anyone else.

**COUNT 2**

**VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT**

**(AS TO ALL DEFENDANTS)**

33. Plaintiff incorporates by reference herein allegations 1 through 32.

34. California Civil Code §51 et seq. states, in relevant part, that

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35. Plaintiff alleges that she was discriminated against because of her medical condition, namely as being a non-mask wearer and was not awarded "full and equal" accommodations to her legitimate desire (indeed a requirement) not to wear a mask, which would impinge on her ability to breathe and, in general, deteriorate her health.

36. Plaintiff believes that she was singled out because she refused the mask which has been proven to be useless for the transmission of the virus as well as being detrimental to the wearer. (See scientific exhibit attached).

**COUNT 3**

**VIOLATION OF ARTICLE 1, SECTION 1 OF THE CALIFORNIA CONSTITUTION**
**(AS TO ALL DEFENDANTS)**

37. Plaintiff incorporates by reference herein allegations 1 through 36.

38. Article 1, section 1 of the California Constitution states:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

39. Plaintiff alleges that Defendant, by insisting that Plaintiff wear a mask for no reason (other than an alleged "guidance" thereby violated Plaintiff's privacy, and right to pursue happiness.

40. For Plaintiff, working at her job is one of the important aspects of her "happiness" and leading a fulfilled life (as well as financially necessary for Plaintiff). Plaintiff was acknowledged by Defendant to be a high performer at her job.

41. Defendant, by forcing an unconstitutional mask mandate on Plaintiff, violated the first article of the first section of the California constitution, depriving Plaintiff of BOTH her privacy and her "right to pursue happiness".

**COUNT 4**

**VIOLATION OF CALIFORNIA FAIR HOUSING AND EMPLOYMENT ACT**
**(AS TO ALL DEFENDANTS)**

42. Plaintiff incorporates by reference herein allegations 1 through 41.

43. California's Fair Housing and Employment Act (California Government Code Section §12900 et seq.) states that it is illegal

For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

44. In the present case, Plaintiff alleges that Defendant is discriminating against her because of her decision to reject Defendants' unconstitutional and illegal mask mandated.

45. Based on the above, Defendant is violating California's Fair Housing and Employment Act, since it is singling out Plaintiff by imposing draconian and unnecessary mask mandates, since she was explicitly discharged because of her legitimate refusal to wear a mask. Furthermore, Defendants did not accommodate Plaintiff's sincerely held anathema to wearing a mask and violated California FEHA on this basis as well.

## COUNT 5

## ATTEMPTED BATTERY

## (AS TO ALL DEFENDANTS)

46. Plaintiff incorporates by reference herein allegations 1 though 45.

47. Plaintiff alleges that Defendant, by imposing a  mask onto Plaintiff, without any necessity for such a mask mandate, Defendant attempted battery onto Plaintiff, violating her personal space, without providing any basis for it other than an alleged "guidance" from the California Health Commission.

48. "Battery" is the "an unlawful application of force to the victim which results in an

unwanted touching"

49. In the present case, the imposition of an unwanted  "mask which violates the physical integrity of Plaintiff is consistent with battery. Plaintiff remarks that the mandate is unlawful, and an attempted battery on Plaintiff, which did not bear fruit into a real battery because Plaintiff defended her bodily integrity and privacy.

50. Plaintiff notes that the Supreme Court has opined in *Union Pac. Ry Co. v Botsford (*US 20 1891),

"No right is held more sacred or is more carefully guarded by the common law than the right of every individual to the possession and control of his own person, free from all restraint and interference of others"

51. Plaintiff alleges that, by imposing a "mask onto Plaintiff, Defendant has violated the rights of Plaintiff to the control of her own person and has thereby attempted battery onto Plaintiff.

**COUNT 6**

**ATTEMPTED ASSAULT**

**(AS TO ALL DEFENDANTS)**

52. Plaintiff incorporates by reference herein allegations 1 through 51.

53. Plaintiff notes that, by imposing the "mask" mandate onto Plaintiff, attempted assault onto Plaintiff.

54. Plaintiff notes that the "mask" mandate is wholly unconstitutional, illegal, attempted on Plaintiff with the intent to commit an unwanted touching and violation of Plaintiff's bodily integrity.

**COUNT 7**

**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964**

**(AS TO ALL DEFENDANTS)**

55. Plaintiff incorporates by reference herein allegations 1 through 54.

56. Title VII of Civil Rights Act of 1964 states in relevant part (42 USC 2000(e) (2) (a) that it shall be unlawful

to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

57. Plaintiff alleges that Defendant, by segregating Plaintiff, based on her legitimate decision not to wear a mask, and thereby discharging her for this reason, depriving her of her status and ability to do his job, has violated Title VII of the Civil Rights Act of 1964.

58. In particular, 29 CFR §1605.(2) states that "reasonable accommodation" without undue hardship of an employee's religious practices is required by Title VII of the Civil Rights Act of 1964.

59. Plaintiff argues that allowing Plaintiff to perform her duties without a mask did not create an undue hardship on Defendant since, as mentioned above, masks had not been proven then (nor even now) to limit the spread of the virus.

60. Further, Defendants also did not accommodate Plaintiff in her religious beliefs about the mask, which her religious beliefs disallowed her to wear. Defendants did not provide reasonable accommodation to Plaintiff and violated Title VII of the Civil Rights Act of 1964 on this basis as well.

**COUNT 8**

**VIOLATION OF 42 USC 1983 (SUBSTANTIVE DUE PROCESS)**

**(AS TO ALL DEFENDANTS)**

61. Plaintiff incorporates by reference herein allegations 1 though 60.

62. 42 USC §1983 states in relevant part,

"Every person who under color of any statute, ordinance, regulation custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

63. Plaintiff alleges that Defendant violated Plaintiff's substantive due process rights to her privilege to bodily integrity by forcing her to wear a mask.

64. Plaintiff alleges that Defendant, by imposing the "mask" mandate, and threatening Plaintiff with her protected property interest in her bodily integroty, violated Plaintiff's substantive due process rights, she was deprived of her rights under the Constitution by Defendant, who, by enforcing the "guidance" of the Orange County Health Department, performed as a state actor.

## COUNT 9

## VIOLATION OF EQUAL PROTECTION UNDER THE CALIFORNIA CONSTITUTION (ARTICLE 1 SECTION 7)

## (AS TO ALL DEFENDANTS)

65. Plaintiff incorporates by reference herein allegations 1 through 64.

66. Plaintiff alleges that she was deprived of Equal Protection  under the California Constitution, which states,

A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws

67. Plaintiff alleges that she was deprived of her liberty interests in not being forced to wear a mask, and was discharged  without any notice or right to be heard.

68. Plaintiff was deprived of her rights to contest the "mask" mandate, and was summarily discharged for a made-up accusation of "insubordination", wholly inapplicable in the

context of a private sector company such as Defendants.

69. Plaintiff was put into considerable financial hardship by the imposition of an illegal and unconstitutional "mask" mandate, where Defendant was operating *outside* of the scope of its duties as a private sector company. Defendants were not licensed to practice medicine.

70. Plaintiff was summarily discharged without prior notice and opportunity to be heard to argue on the merits and demerits of being forced to wear a mask.

**COUNT 10**

**VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION**

**(AS TO ALL DEFENDANTS)**

71. Plaintiff incorporates by reference herein allegations 1 through 70.

72. Plaintiff also alleges that she was deprived of procedural due process under the Fourteenth Amendment of the US Constitution (Equal Protection Clause) which guarantees that "people with similar situations shall be treated "similarly".

73. In the present case, Plaintiff alleges that Defendant, by forcing Plaintiff to submit to onerous and oppressive "mask" mandates, was singled out from her "masked" colleagues and harassed because she chose, legitimately, not to wear a mask.

74. Plaintiff alleges that Defendant has not provided any basis for committing such acts and is therefore violating the Equal Protection Clause. Both "masked" and "masked" are similarly situated individuals with respect to their work capacities, but Plaintiff was discharged without notice and an opportunity to be heard based solely on the fact that she refused to wear an oppressive mask.

**COUNT 10**

**VIOLATION OF ESTABLISHMENT CLAUSE**

**(AS TO ALL DEFENDANTS)**

75. Plaintiff incorporates by reference herein allegations 1 through 74.

76. Plaintiff alleges that Defendant violated the Establishment Clause by promulgating (or attempting to promulgate) a "mask" mandate which fundamentally violates the rights of Christians such as Plaintiff. *( School Dist. of Abington v. Schempp* (1963) 374 U.S. 203, 225)..

77. Plaintiff alleges that Defendant, had no right to impose the "mask" mandate in the first place; by doing so it was hostile to religious people of all religions, and especially Christians. Defendant showed itself "hostile" to religious believers such as Plaintiff.

78. Defendant further showed its contempt of Plaintiff's religious beliefs by imposing a mask onto her as a precondition of her working, in violation of her fundamental religious beliefs.

**COUNT 12**

**VIOLATION OF 21 USC §360**

**(AS TO ALL DEFENDANTS)**

79. Plaintiff incorporates by reference herein allegations 1 through 78.

80. Federal law under 21 USC §360 (bbb-3(e ) (1)(A)(ii)(iii) governs EUA (Emergence Use Authorization) and states in relevant part

   "Appropriate conditions designed to ensure that individuals to whom the product is administered must be informed of (iii) the option to accept or refuse the administration of the product"

81. Plaintiff alleges that Defendant, by not allowing Plaintiff the option of refusing a mask, violated 21 USC 360.

**COUNT 13**

**VIOLATION OF RIGHT OF INFORMED CONSENT**

**(AS TO ALL DEFENDANTS)**

**82. Plaintiff incorporates by reference herein allegations 1 through 81.**

**83. Plaintiff alleges that, based on** *Schloendorff v Society of New York Hospitals,* 105 N.E. 92, 93, (NY 914),

12

A PENA PLEADING

*Every human being of adult years and sound mind has a right to determine what shall be done with his own body*

84. Plaintiff alleges that Defendant, by insisting that Plaintiff wear a "mask", detrimental to her health, did not provide Plaintiff the appropriate medical reasons for the mask.

85. Similarly, the Nuremberg Code, (binding on the United States), also prohibits

*The intervention of any element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion…"*

86. In the present case, Plaintiff alleges that Defendant violated Plaintiff's right of informed consent, and by forcing Plaintiff to choose between her job and the mask, without providing her scientific information about the necessity of the mask, violated Plaintiff's rights of informed consent.

## COUNT 14

## BREACH OF FIDUCIARY DUTY OF EMPLOYER TO EMPLOYEE

## (AS TO ALL DEFENDANTS)

87. Plaintiff incorporates by reference herein allegations 1 though 86.

88. Plaintiff alleges that, by imposing a mask, during long hours at work, with unknown consequences on Plaintiff's long-term (and short-term) health, as a condition of employment, Defendant breached the fiduciary duty of an employer to his employee. The same holds true of Defendant's insistence that Plaintiff wear a mask that restricts breathing and was detrimental to her health, with no apparent benefits.

89. In particular, Article 2.07(c) and 3.05 (c) of the Restatement of Employment Law treats the fiduciary obligation of an employer to his( her) employee as not just contractual, but a relational one; this could (and must) include the health of the employee.

90. Plaintiff alleges that Defendant violated this fiduciary obligation by imposing a onto Plaintiff without revealing anything about its contents, as well as insisting that she wear masks, detrimental to her health with no apparent benefits to Defendant.

**COUNT 15**

**VIOLATION OF THIRTEENTH AMENDMENT**

**(AS TO ALL DEFENDANTS)**

91. Plaintiff incorporates by reference herein allegations 1 through 90.

92. Jacob Rothschild is alleged to have said the following:

**The universal vaccine programs not only open the door for behavior control through gene modification and enhancement, but more importantly for the present operation – psychological behaviour control with the vaccines is even more fundamental. Regardless of whether or not the vaccines are unnecessary and useless regarding the virus, or even harmful for many, they are the most uniform and concerted psychological weapon ever devised to control human behaviour."**

93. According to the Thirteenth Amendment to the US Constitution,

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

94. Further, under the landmark Supreme Court case, *Jones v Alfred H. Myer Co.* 392 US 409, (1968), Congress was empowered to eliminate the "badges and incidents of slavery." Based on this case, the Thirteenth Amendment was enlarged to incorporate non state actors such as Defendants.

95. Plaintiff alleges that, by forcing Plaintiff to wear a mask, Defendant imposed onto Plaintiff a "badge of slavery", implying obedience and submission, since the evidence has shown unequivocally that masks do not restrict the spread of contagious disease.

96. Plaintiff alleges that the only reason for the imposition of a mask onto Plaintiff is to humiliate her, and to dominate her. There is no scientific or legal basis for imposing a mask onto Plaintiff.

97. A mask would interfere with Plaintiff's ability to perform her job effectively, restricting her breathing and creating potentially disastrous health effects on her. In addition, Plaintiff was imposed the wearing of a ridiculous and oppressive "mask". further humiliating her. Plaintiff alleges that the mask was nothing other than a badge of slavery, destined to humiliate her with no apparent benefit to anybody.

**COUNT 16**

**INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(AS TO ALL DEFENDANTS)**

98. Plaintiff incorporates by reference herein allegations 1 through 97.

99. Plaintiff asserts that, by forcing Defendant to choose a mask and thereafter wrongfully discharging her, intentionally interfered with her future income, as well as unemployment income.

100.    It is likely that Plaintiff will now have difficulty finding alternative income, based on a totally frivolous and unmerited discharge. Plaintiff will also be deprived of her future retirement because of the wrongful acts of Defendants.

101.    By so doing, Defendants cut into Plaintiff's working years and her income.

102.    Intentional interference with prospective economic advantage is defined as

(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action. (*Roy Allan Slurry v American Asphalt South, Inc.*, 2 Cal. 5th 505 (2017).

103.    Plaintiff alleges that all of the above elements have been met, since Defendant knew that Plaintiff would be forced into a position of finding another job due to her refusal to wear a mask, which had no relation with the performance of her job duties.

**COUNT 17**

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(AS TO ALL DEFENDANTS)**

A PENA PLEADING

104.    Plaintiff incorporates by reference herein allegations 1 through 103.

105.    Plaintiff also alleges that Defendants negligently interfered with her prospective economic advantage by forcing her to choose between a mask, detrimental to her health and well-being, and her job, at which she had performed so well until her untimely and illegal discharge.

106.    Plaintiff alleges that Defendant had a duty of care to Plaintiff, as an employee that hitherto had been a star employee.

107.    Plaintiff, before the present incident with the "mask" mandate was highly appreciated by her supervisors. Defendant had a duty to protect Plaintiff's retirement, as well as general financial circumstances  and, by forcing her to choose between an unnecessary and detrimental "mask" and her job,  violated that duty of care and created unnecessary hardship for Plaintiff.

## COUNT 18
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AS TO ALL DEFENDANTS)

108.    Plaintiff incorporates by reference herein allegations 1 through 107.

109.    Plaintiff alleges that Defendant intentionally inflicted emotional distress on Plaintiff by threatening job loss, and subsequently discharging her for the sole refusal to wear an oppressive "mask" whereby she was deprived, for no reason at all, of her ability to breathe while spending long hours at work.

110.    Plaintiff has had to go through sleepless nights, considerable anxiety and a high degree of stress by having to choose between her health and her job.

111.    Defendants have thereby imposed considerable emotional distress on Plaintiff. Defendant did not even try to negotiate with Plaintiff in good faith to find an accommodation, throwing Plaintiff into an untenable situation of choosing between a

detrimental and unnecessary "mask" and her job and financial wherewithal.

## COUNT 19

### GROSS NEGLIGENCE

### (AS TO ALL DEFENDANTS)

**112.**     Plaintiff incorporates by reference herein allegations 1 through 111.

**113.**     Plaintiff alleges that Defendant had a duty of care to Plaintiff with respect to her health and well being, as a long-standing employee.

**114.**     Plaintiff alleges that protecting their employee's heath should be one of the paramount concerns of Defendant. Plaintiff alleges that Defendant violated that duty of care by imposing an unnecessary and harmful "mask" onto her. Said masks curtail the flow of oxygen, diminish Plaintiff's immune system, and could possibly create cardiac problems.


## COUNT 20

### VIOLATION OF 21 CFR §50 ET SEQ.

### (AS TO ALL DEFENDANTS)

115.     Plaintiff incorporates by reference herein allegations 1 through 114.


116.     CFR §50 et seq. refers to the part of the Code of Federal Regulations relating to the protection of the human subject from dangerous medical interventions *without informed consent.*

1. There is one exception to the necessity for informed consent relating to the following situations:

The obtaining of informed consent shall be deemed feasible unless, before use of the test article (except as provided in paragraph (b) of this section), both the investigator and a physician who is not otherwise participating in the clinical investigation certify in writing all of the following:

(1) The human subject is confronted by a life-threatening situation necessitating the use of the test article.

(2) Informed consent cannot be obtained from the subject because of an inability to communicate with, or obtain legally effective consent from, the subject.

(3) Time is not sufficient to obtain consent from the subject's legal representative.

(4) There is available no alternative method of approved or generally recognized therapy

that provides an equal or greater likelihood of saving the life of the subject.

A PENA PLEADING

117.    Plaintiff alleges that Defendant violated 21 CFR §50 et seq., by imposing a "mask" mandate onto Plaintiff without providing Plaintiff any information as to the reasons and justification for said masks and the risk/benefit ratio thereof.

## COUNT 21

### VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (AS TO ALL DEFENDANTS)

118.    Plaintiff incorporates by reference herein allegations 1 through 117.

119.    The covenant of good faith and fair dealing exists when one party has discretionary power over the rights of another. (*Bevis v Terrace View Partners, LP*, 33 Cal. App. 5th 230 (2019). In the present case, Defendants had discretionary power over Plaintiff regarding the masks, forced her to wear a mask, unnecessary and harmful to Plaintiff, unrelated to her job requirements, and had discretionary power over her when they discharged her.

120.    By discharging Plaintiff without any connection to her job performance, but rather to vague accusations of "insubordination", breached the covenant of good faith and fair dealing.

## COUNT 22

### VIOLATION OF CALIFORNIA LABOR CODE 1102.5 et seq.

### (AS TO ALL DEFENDANTS)

121.    Plaintiff incorporate by reference herein allegations 1 through 120.

122.    California Labor Code 1102.5 (c) states in relevant part that

An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

123.    In the present case, Defendants retaliated against Plaintiff for refusal to participate in the wearing of masks, which was a violation of the US Constitution, the above-mentioned state and Federal statutes. For that reason, Defendants violated California Labor Code

110.5 et seq.

## COUNT 23

### VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940 et seq.

### (AS TO ALL DEFENDANTS)

**124.**     Plaintiff incorporates by reference herein allegations 1 through 123.

**125.**     California Government Code 12940 et seq., states in relevant part,

*(l)* (1)  For an employer or other entity covered by this part to refuse to hire or employ a person or to refuse to select a person for a training program leading to employment or to bar or to discharge a person from employment or from a training program leading to employment, or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of a conflict between the person's religious belief or observance and any employment requirement

126.     In the present case, Defendants discharged Plaintiff because of her refusal to wear a mask based on her religious observances, which was a condition of her employment.

127.     For that reason, Defendants violated California Government Code 12940 et seq.

## COUNT 24

### WRONGFUL TERMINATION

### (AS TO ALL DEFENDANTS)

**128.**     Plaintiff incorporates by reference herein allegations 1 through 127.

**129.**     Plaintiff alleges that Defendants wrongfully terminated her and that she alleges her wrongful discharge as a violation of public policy.( *Foley v Interactive Data Corporation,* 47 Cal. 3rd 654 (1988).

**130.**     In the present case, Plaintiff alleges that Defendants insistence on a mask policy and her discharge because of a refusal to wear a mask was a wrongful termination in violation of public policy.

131.    Plaintiff defended her constitutional rights to defend her bodily autonomy by not wearing a mask and was therefore wrongfully terminated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the court

a) To provide her compensatory monetary damages, at a minimum of $1,000,000 due to the hardship and discrimination she was subject to.

b) To award Plaintiff appropriate costs and reasonable attorney's fees incurred under this lawsuit.

c) To grant her statutory fees under the California Unruh Act.

d) To provide punitive damages to Plaintiff consistent with Defendant's imposition of emotional distress to Plaintiff.

e) Provide declaratory relief to Plaintiff as requested above.

f) Provide any other such relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

**Please take note that Plaintiff hereby demands a jury trial.**

Respectfully submitted

Dated: 7/23/2022

*Vasu Vijayraghavan*

_____

Vasu Vijayraghavan

Plaintiff's attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A PENA PLEADING

1

2                                    **VERIFICATION**

3    **I have read the foregoing VERIFIED COMPLAINT and know its contents. I am a party to**

     **this action. The matters stated in the foregoing document are true of my own knowledge**

4    **except as to those matters which are stated on information and belief, and as to those**

     **matters, I believe them to be true.**

5

6

7    **I declare under the penalty of perjury that the foregoing is true and correct.**

8

9    **Executed on              at**

10

11

12

13

14                    **_____**

15                    **Dawn Schleve Gerard**

16

17

18

19

20

21

22

23

24

25

26

27

28

A PENA PLEADING